UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

|  |  |
|---|---|
| JASON HEATH, ROBERT G. PIERCE, AURELIA EISENZOPF, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARD ROCK CAFÉ INTERNATIONAL (STP), INC., HARD ROCK CAFE INTERNATIONAL (USA), INC., HARD ROCK CAFE INTERNATIONAL (ORLANDO), INC., HARD ROCK CAFE INTERNATIONAL (HOLLYWOOD), INC., HARD ROCK STADIUM TENANT, INC.,<br><br>Defendants. | **Civil Action No.**<br>**6:10-cv-344-Orl-JA-KRS** |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT THEREOF
TO SEVER AND TRANSFER CLAIMS OF CONNECTICUT PLAINTIFFS AND
<u>TO VOLUNTARILY DISMISS REMAINING CLAIMS</u>**

Plaintiffs request: (1) severance and transfer of the claims of named plaintiff Jason Heath and the thirteen individuals who submitted opt-in consent to join forms in this case and worked at the Hard Rock Café at Foxwoods Casino in Mashantucket, Connecticut[1] to the United States District Court for the District of Connecticut (collectively "the Connecticut Plaintiffs") and (2) voluntary dismissal without prejudice of the remaining claims in the case. Severance and transfer of the Connecticut Plaintiffs to the United States District Court of Connecticut is appropriate as it is more convenient for the parties and witnesses who worked

---

[1] Specifically, the opt-in plaintiffs are: Brock Arsenault; Jarraid Belanger; Tim Dilallo; Stacy Ferguson; Joseph Harry Barnaby; Sarah Jane Waltman; Gordon Johnson; Jennifer Lussier (formerly Branchaud); Paul Neville; Elizabeth Pignataro; Amber Safari; Jennifer Selvidio; and Allison Tapia (formerly Moore).

and reside there; it serves the interests of justice in light of and consistent with the Court's decision denying nationwide conditional certification of this case; and it will promote judicial economy and efficiency. Furthermore, this Court's voluntary dismissal without prejudice of the remaining claims in this case will likewise promote judicial economy and efficiency and will allow plaintiffs, should they wish to continue to litigate their claims, to pursue separate actions against individual Hard Rock Cafes, which is consistent with this Court's order finding that conditional certification of a nationwide collective action was inappropriate due to the unique practices at each Hard Rock Café around the country.

## **BRIEF PROCEDURAL HISTORY**

This case was filed on March 3, 2010, as a putative nationwide collective action under the Fair Labor Standards Act ("FLSA"), asserting, among other claims, that Hard Rock Café's utilization of the tip credit to pay sub-minimum wages to wait staff employees who served food and beverages at its restaurants was improper. Under the FLSA, an employer may only utilize a portion of its employees' tips to meet the minimum wage if the tipped employees are properly informed of the FLSA's tip provisions and the tipped employees retain all of their tips. 29 U.S.C. § 203(m). Tipped employees may share tips with customarily and regularly tipped employees without violating this provision, but they cannot share tips with employees who are not customarily and regularly tipped, such as kitchen employees. Id.; see, e.g., Myers v. Copper Cellar Corp., 192 F.3d 546 (6th Cir. 1999) (salad preparers could not share in servers' tips because they performed only food preparation duties). Plaintiffs asserted that the practice at

2

Hard Rock Cafes, in which wait staff employees who served food and beverages shared a portion of their tips with kitchen employees called expeditors, violated these provisions of the FLSA.

On May 3, 2010, the Plaintiffs filed a motion pursuant to 29 U.S.C. § 216(b), requesting permission to send out opt-in notice to individuals who had worked as food and beverage wait staff employees at Hard Rock Café locations around the country. Dkt. No. 16. Defendants opposed the motion, arguing that there was no common nationwide policy or practice relating to tip-sharing with expeditors and that the practices varied from location to location. Dkt. No. 18.

On October 7, 2010, the Court denied Plaintiffs' motion, Dkt. No. 40, adopting the report and recommendation of Magistrate Judge Spaulding which concluded that:

> Hard Rock provided evidence that each café had different procedures and different managers and were located in different states and different regions which were supervised and even owned by different persons and entities. Different managers at each café made the decisions regarding whether and how to use expeditors.

Dkt. No. 35 at 7.

Judge Spaulding went on to recommend denying Plaintiffs' motion to send nationwide notice because of "[t]he differences in locations and the decentralized decision-making regarding the use of expeditors." Id. at 9.

It is in light of the Court's decision denying Plaintiffs' motion for nationwide FLSA notice because of differences in the practices at each location that Plaintiffs now seek to pursue claims on a location-by-location basis. Accordingly, Plaintiffs seek severance and transfer of the claims of the Connecticut plaintiffs,

3

so that the claims relating to the Connecticut Hard Rock Café restaurant (located at the Foxwoods Casino in Mashantucket, Connecticut) may be pursued as an action focused only on that location in the jurisdiction where that restaurant is located and where most of the plaintiffs reside. Additionally, Plaintiffs seek dismissal of the remaining claims in the case and are pursuing separate claims under the Florida Constitution in Florida state court for each individual Hard Rock Café location in Florida. Plaintiffs have recently filed the first of those actions, Grant et al. v. Hard Rock Café International (Orlando), Inc., Civil Action No. 2011-CA-000594-O (Fla. 9th Judicial Circuit).[2]

Accordingly, Plaintiffs request that the Court grant their motion to sever and transfer the claims of the Connecticut Plaintiffs' claims to the United States District Court for the District of Connecticut and grant their motion for voluntary dismissal of the remaining claims in the case under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## ARGUMENT

**I.  SEVERANCE OF THE CONNECTICUT PLAINTIFFS' CLAIMS IS APPROPRIATE.**

Severance and transfer of the Connecticut Plaintiffs is appropriate because it is more convenient for the parties and witnesses, serves the interests of justice, and will promote judicial economy. Significantly, all of the applicable

---

[2] The Grant case is properly venued in Florida state court, as opposed to federal court, because the case raises only claims based on the Florida Constitution, Article X, § 24 and there is no federal jurisdiction—there is not complete diversity between the parties and the defendant and the vast majority of putative class members are citizens of Florida defeating CAFA jurisdiction. See 28 U.S.C. § 1332(d)(4).

4

factors that are considered in the Eleventh Circuit for transfer of venue weigh strongly in favor of a transfer of venue here.

Furthermore, severance and transfer of the Connecticut Plaintiffs' claims is particularly appropriate in light of Defendants' argument and the Court's ruling that nationwide opt-in notice was not appropriate under 29 U.S.C. § 216(b) because tip-sharing practices are localized at individual restaurants. In seeking severance and transfer, the Connecticut Plaintiffs propose to pursue their claims only against the owners of the Hard Rock Café at Foxwoods Casino in Connecticut, in the home district for that restaurant, where all of the Connecticut Plaintiffs worked, and where many of them currently reside.

As an initial matter, severance is authorized by Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any part of its own initiative at any stage of the action and on such terms as are just." The decision as to whether to grant a motion to sever is within the sound discretion of the trial court. State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988); see also Fritz v. American Home Shield Corp., 751 F.2d 1152 (11th Cir. 1985). A severance in order to permit transfer of the severed claims pursuant to 28 U.S.C. § 1404 is appropriate "where the administration of justice would be materially advanced by severance and transfer." Wyndham Assoc. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968), cert. denied, 393 U.S. 977 (1968); Cain v. New York State Bd. Of Elections, 630 F. Supp. 221, 225 (E.D.N.Y. 1986) (such a severance is proper when "in the interest of justice"); see also 4 Moore's Federal Practice (3rd Ed.

5

1998), § 21.06[2] at pp. 21-29 - 21-31. The proper use of Rule 21 is not limited to cases in which severance is necessary in order to cure misjoinder or jurisdictional defects. See Newman-Green v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989); Wyndham Assoc., 398 F.2d at 618.

A district court may sever claims by or against properly joined parties to an action in order to permit transfer pursuant to 28 U.S.C. § 1404(a) of those claims to another district in which they could have been brought or can be more conveniently maintained. Wyndham Assoc., 398 F.2d at 618; The Toro Co. v. Alsop, 565 F.2d 998, 1000 (8th Cir. 1977), cert. denied, 435 U.S. 952 (1978); Henderson v. AT&T Corp., 918 F. Supp. 1059, 1064-65 (S.D. Tex. 1996); Apache Products Co. v. Employers Ins. Co. of Wausau, 154 F.R.D. 650, 660 (S.D. Miss. 1994); St. Paul Fire & Marine Ins. Co. v. Servidone Constr. Corp., 778 F. Supp. 1496, 1508 (D. Minn., 1991); Haworth, Inc. v. Herman Miller, Inc., 821 F. Supp. 1476, 1482 (N.D. Ga. 1992).

Here, the Connecticut Plaintiffs seek severance of their claims which relate solely to their work at the Hard Rock Café at Foxwoods Casino in Connecticut. Severance of the Connecticut Plaintiffs' claims under Rule 21 will enhance the administration of justice because the severed claims will be more efficiently litigated in the District of Connecticut. As set forth in Section II, infra, these claims relate to the plaintiffs' work in Connecticut and the majority of the witnesses and plaintiffs reside in Connecticut. In addition, Defendants have asserted that each restaurant has unique employment practices and operates using a decentralized-decision making process. Dkt. No. 18; Dkt. No. 18-1

6

(Affidavit of Kim Creighton). Accordingly, trying these claims in Connecticut is most efficient. Moreover, severance is particularly appropriate here because Plaintiffs are seeking dismissal of the remaining plaintiffs' claims in the case. See Section III, infra. It is clearly in the interest of judicial economy for a case involving only claims of Connecticut plaintiffs, relating to their work at a restaurant located in Connecticut, to be litigated in that state.

## II.     THE CONNECTICUT PLAINTIFFS' CLAIMS SATISFY THE TEST FOR TRANSFER TO CONNECTICUT.

The Connecticut Plaintiffs seek a change of venue pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute has a broad remedial purpose: to prevent the waste of time, energy, and money in litigation, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 615-616 (1964). It has also been noted that § 1404 is a "federal housekeeping measure, …intended, on basis of convenience and fairness, simply to authorize change of courtrooms." Watwood v. Barber, 70 F.R.D. 1 (N.D. Ga. 1975).

A plaintiff may move for transfer to another court under Section 1404. Carey Manufacturing Company v. Taylor, 286 F.2d 782, 784 (6th Cir. 1961) (plaintiff is not bound by choice of forum if good reason for transfer is found after filing); Dayton Power & Light Co. v. E. Kentucky Power Coop., Inc., 497 F. Supp. 553 (S.D. Ky. 1980). The decision whether to transfer a case lies within the Court's broad discretion. Jarvis Christian College v. Exxon Corp., 845 F.2d 523,

7

528 (5th Cir. 1988); Filmline (Cross Country) Productions, Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989). The exercise of that discretion requires the Court "to weigh in the balance a number of case-specific factors." Stewart Organization v. Ricoh, 487 U.S. 22, 29 (1988).

In the Eleventh Circuit, courts typically consider the following nine factors on motions to transfer pursuant to § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Eight of these factors weigh strongly in favor of transferring the Connecticut Plaintiffs' case to Connecticut, and the remaining factor is not applicable in this case.

**(1)     The convenience of the witnesses**. It is often stated that the convenience of the anticipated trial witnesses, especially third-party witnesses, is the most important "convenience" factor. Gundle Lining Constr. Corp. v. Fireman's Fund, 844 F. Supp. 1163, 1166 (S.D. Tex. 1993); In re Eastern District Repetitive Stress Injury Litigation, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). This factor weighs in favor of transfer, as the vast majority of witnesses will be current and former employees and managers of the Hard Rock Café at Foxwoods Casino in Connecticut, most of whom likely reside in Connecticut. As such, the District of Connecticut is by far the most convenient forum for the witnesses.

8

**(2)** **The location of relevant documents and the relative ease of access to sources of proof**: This factor also weighs in favor of transfer. Documents to be produced by the plaintiffs and other current and former employees (such as payroll records, memos and training materials at use at the Foxwoods restaurant, etc.) are likely to be located in Connecticut. To the extent that some documents may be stored at Hard Rock Café's corporate headquarters in Florida, those documents would easily be shared electronically regardless of the venue of the case.

**(3)** **The convenience of the parties**: This factor also weighs strongly in favor of transfer. There are fourteen Connecticut Plaintiffs in this case. Ten reside in Connecticut, three reside in the bordering state of Rhode Island, and only one resides in Florida. As to the Defendants, while their corporate headquarters is in Florida, they do business in Connecticut and the restaurant as to which the Connecticut Plaintiffs' claims relate is located in Connecticut. In addition, the Defendants have asserted in this case that the restaurants have unique employment practices and operate under a decentralized-decision making structure. Dkt. Nos. 18, 18-1.

**(4)** **The locus of operative facts**: Where the underlying events occurred is one important factor. Jewelmaster, Inc. v. May Dept. Stores Co., 840 F. Supp. 893, 894 (S.D. Fla. 1993). The tip-sharing that the Connecticut Plaintiffs challenge occurred in Connecticut, as did the payment of hourly wages at a rate that is lower than the federal minimum wage. Those are the central

9

events in the case, and they occurred in Connecticut. Accordingly, this factor weighs in favor of transfer.

**(5)** **The availability of process to compel the attendance of unwilling witnesses**: This factor also weighs in favor of transfer. To the extent that it will be necessary to compel attendance of unwilling witnesses either for depositions or trial testimony, those individuals would likely be former employees at the Hard Rock Café at Foxwoods Casino, and they are likely to reside in Connecticut. Accordingly, they would be subject to subpoena by a Connecticut court but not by a Florida court. See Fed. R. Civ. P. 45(a)(2) (subpoena may be served in federal district or state of issuing court or within 100 miles of location specified for testimony). By contrast, any witnesses located in Florida would likely be corporate representatives of the Defendant who would be required to participate in discovery and appear at trial regardless of whether the case proceeds in Connecticut or in Florida.

**(6)** **The relative means of the parties**: In ruling on a motion to transfer, a court may consider whether "a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation." Pall Corp. v. PTI Technologies, Inc., 992 F. Supp. 196, 200 (E.D.N.Y. 1998). Here, there is an extreme disparity between the relative means of the Connecticut Plaintiffs and the Defendants—the Connecticut Plaintiffs are sub-minimum wage hourly workers while the Defendants are large international corporations that operate restaurants all over the country and the world, including in Connecticut. Accordingly, this favor weighs in favor of

transferring the case to Connecticut, the forum preferred by the party with the lesser means.

**(7)** **A forum's familiarity with the governing law**: This factor is not applicable here. The case has been brought under the federal Fair Labor Standards Act. Both this Court and the federal court in Connecticut are equally familiar with and competent to preside over a case concerning the federal wage laws.

**(8)** **The weight accorded a plaintiff's choice of forum**: A number of courts have emphasized that the plaintiff's choice of forum should not lightly be disregarded. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996); Terra Intern. Inc. v. Mississippi Chemical Corp., 922 F. Supp. 1334 (N.D. Iowa 1996), aff'd, 119 F.3d 688 (8th Cir. 1997). The Connecticut Plaintiffs choose the forum of Connecticut, so this factor weighs in favor of transfer.

**(9)** **Trial efficiency and the interests of justice, based on the totality of the circumstances**: As discussed in connection with several of the other factors, it would be far more efficient and would serve the interests of justice to litigate the Connecticut Plaintiffs' claims in Connecticut because the vast majority of the plaintiffs and witnesses reside there and the restaurant to which the claims relate is located in Connecticut. Thus a transfer would serve the interests of justice, both because of this superior efficiency and because of the convenience for the parties and witnesses.

Furthermore and in additional to the factors supporting transfer, other points should be made about the appropriateness of transferring the Connecticut

11

Plaintiffs' claims to a federal court in Connecticut. In opposing Plaintiffs' motion for opt-in notice to be sent pursuant to 29 U.S.C. § 216(b) to a nationwide class of Hard Rock Café wait staff employees who serve food and beverages, were paid less than minimum wage, and had paid over a portion of their tips to expeditors, Defendants argued vociferously that the practices at each individual restaurant varied and that the case could not proceed on a nationwide basis. Dkt. Nos. 18, 18-1. This Court then denied Plaintiffs' motion for opt-in notice, holding that "Hard Rock provided evidence that each café had different procedures and different managers and were located in different states and different regions which were supervised and even owned by different persons and entities." Dkt. No. 35, at 7.

As Plaintiffs are now seeking to proceed only on the FLSA claims of the Connecticut Plaintiffs relating to the procedures at one restaurant, it makes sense for that single-restaurant claim to proceed in the location of the restaurant and where most of the plaintiffs and witnesses reside. Accordingly, the claims should be transferred to federal court in Connecticut.

### III.  PLAINTIFFS SEEK DISMISSAL OF THE CLAIMS OF THE REMAINING PLAINTIFFS.

Other than the claims of the Connecticut plaintiffs, as to whose claims Plaintiffs seek severance and transfer to the United States District Court for the District of Connecticut, Plaintiffs seek dismissal without prejudice of the claims of the other plaintiffs pursuant to Federal Rule of Civil Procedure 41(a)(2). Federal Rule of Civil Procedure 41(a)(2) provides a district court discretion to grant

dismissal without prejudice to a plaintiff "upon such terms and conditions as the court deems proper."

The Eleventh Circuit has stated repeatedly that, "in most cases a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, ***other than the mere prospect of a subsequent lawsuit***, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original). Specifically, "'the annoyance of a second litigation upon the same subject matter'" is not sufficient basis to deny a motion for voluntary dismissal. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1257 (11th Cir. 2001) (quoting Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 369 (5th Cir. 1967)). Indeed, "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." McCants, 781 F.2d at 857.

Here, Defendants will suffer no prejudice from the voluntary dismissal of the claims in this case, and the Court should therefore grant Plaintiffs' motion. This case is in the relatively early stages, and the parties have exchanged only limited discovery, without any depositions having been conducted yet.[3] While Defendants may argue that Plaintiffs should be precluded from voluntarily dismissing the claims here because some of the plaintiffs have filed or may file actions in Florida state court asserting that the same practices at issue in this case also violate the minimum wage provisions of Florida's Constitution, that

---

[3] The only discovery that has occurred so far is that the parties have exchanged initial requests for production of documents and initial interrogatories, and Defendants have served Plaintiffs with objections (but not responses) to Plaintiffs' document requests, limited interrogatory responses, and a total of twenty pages of documents.

13

argument is without merit. First, the Eleventh Circuit has been unequivocal that the prospect of a subsequent lawsuit does not constitute clear legal prejudice that would preclude voluntary dismissal under Rule 41(a). See McCants, 781 F.2d at 856-57; Pontenberg, 252 F.3d at 1257. Second, such an argument is particularly without merit here, where Defendants argued vociferously that the claims here could not be brought on a nationwide basis because of the differences between the restaurants and the Court denied Plaintiffs' motion for nationwide FLSA notice for that very reason. Finally, if anything, the fact that Plaintiffs are filing state court actions further supports dismissal because, to the extent that Defendants have expended any resources conducting the minimal discovery thus far, that discovery may be used in defending any state court actions that raise similar claims. Therefore, Defendants will suffer no prejudice by the Court granted a dismissal without prejudice of all of the claims except those of the Connecticut Plaintiffs.

Accordingly, voluntary dismissal is proper in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court sever the claims of the Connecticut Plaintiffs and transfer those claims to federal court in Connecticut and issue a voluntary dismissal without prejudice of the remaining claims in the case.

Respectfully submitted,

JASON HEATH, et al.
and all others similarly situated,

By their attorneys,


 /s/ Hillary Schwab
Mary Jill Hanson, Florida Bar #727369
301 Ocean Bluffs Boulevard
Jupiter, FL 33477
(561) 373-6712
Email: jillocean@bellsouth.net

Hillary Schwab, admitted *pro hac vice*
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: hschwab@llrlaw.com

Dated: January 27, 2011


**CERTIFICATE OF CONFERENCE**

I hereby certify that, pursuant to Local Rule 3.01(g), I conferred with counsel for the defendants, and we were unable to reach agreement on the relief sought in this motion.


 /s/ Hillary Schwab
Hillary Schwab, Esq.


**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2011, a copy of this document was served by electronic filing on all counsel of record.


 /s/ Hillary Schwab
Hillary Schwab, Esq.