# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JASON HEATH, ROBERT G. PIERCE,**
**AURELIA EISENZOPF on behalf of**
**themselves and all others similarly situated,**

<strong>Plaintiffs,</strong>

**-vs-**                                      **Case No.  6:10-cv-344-Orl-28KRS**

**HARD ROCK CAFÉ INTERNATIONAL**
**(STP),  INC., HARD ROCK CAFÉ**
**INTERNATIONAL (USA), INC., HARD**
**ROCK CAFÉ INTERNATIONAL**
**(ORLANDO), INC., HARD ROCK CAFÉ**
**INTERNATIONAL (HOLLYWOOD), INC.,**
**HARD ROCK STADIUM TENANT, INC.**

<strong>Defendant.</strong>

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO SEVER AND TRANSFER CLAIMS OF CONNECTICUT PLAINTIFFS AND TO VOLUNTARILY DISMISS REMAINING CLAIMS (Doc. No. 53)** |
| **FILED:** | **January 27, 2011** |

## I.    PROCEDURAL HISTORY.

Plaintiffs seek severance and transfer to the United States District Court for the District of

Connecticut of the claims of named plaintiff Jason Heath and the 13 individuals who submitted opt-in

consent forms and who worked at the Defendants' location at Foxwoods Casino in Mashantucket, Connecticut ("the Connecticut Plaintiffs").[1]  Plaintiffs seek to dismiss voluntarily all remaining plaintiffs and claims without prejudice.  Doc. No. 53.  Defendants oppose the motion and filed a response and an amendment which the Court has considered.  Doc. Nos. 54, 55.

## II.    ANALYSIS.

### A.    Dismissal of Non-Connecticut Plaintiffs' Claims.

Plaintiffs seek to voluntarily dismiss the non-Connecticut Plaintiffs and their claims pursuant to Federal Rule of Civil Procedure 41 which provides, in relevant part, as follows:"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Several of the non-Connecticut Plaintiffs have already filed a suit in Florida state court asserting claims arising solely under Florida law against the Hard Rock locations in Florida.  *See Grant v. Hard Rock Café International (Orlando) Inc*., Civil Action No. 2011-CA-000594-O (Fla. 9th Judicial Circuit).  The non-Connecticut Plaintiffs now wish to dismiss their federal claims without prejudice.

The United States Court of Appeals for the Eleventh Circuit has stated that "in most cases a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result."  *McCants v. Ford Motor Co.*, 781 F.2d 855,

---

[1]  The 13 Connecticut Plaintiffs who filed opt-in forms are: Brock Arsenault, Jarraid Belanger, Tim Dilallo, Stacy Ferguson, Joseph Harry Barnaby, Sarah Jane Waltman, Gordon Johnson, Jennifer Lussier, Paul Neville, Elizabeth Pignatara, Amber Safari, Jennifer Selvido and Allison Tapia.

856-57 (11th Cir. 1986) (emphasis in original) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).   However, a district court is to "bear in mind principally the interests of the defendant, for it is the defendant's position the court should protect."  *Id.* at 856.   The purpose of Federal Rule of Civil Procedure 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions.  *Id.* (citing *Alamance Indus., Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir. 1961)).   The district court should weigh the equities and impose costs and conditions to the dismissal so that justice is done between the parties.  *Id.* at 857 (citing *Am. Cyanimid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963)).

A plaintiff ordinarily will not be allowed to dismiss his suit without prejudice where the defendant has been put to considerable expense, except on the condition that a plaintiff reimburse the defendant for a portion of the expenses, including attorneys' fees.  *McCants*, 781 F.2d at 860 (citations omitted).   Where subsequent litigation between the parties is anticipated, the defendant's expenses "might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit."  *Id.* (citing *Germain v. Semco Serv. Machinery Co.*, 79 F.R.D. 85, 87 (E.D.N.Y. 1978)).

Defendants contend that the prejudice they will suffer is the prospect of multiple suits in Florida and throughout the nation.  However, Plaintiffs sought to proceed in this forum as a collective action and consolidate all their claims here, and Defendants opposed that request.  *See* Doc. No. 18 (Defendants argued that a collective action was inappropriate because the Plaintiffs "[w]orked for different managers, in different cafés, spanning different regions, at different times, with different policies and practices in place . . . .").  Accordingly, Defendants cannot now complain because the

Court agreed with their argument.  Doc. Nos. 35, 40.  In addition, Defendants must show harm other than the prospect of subsequent litigation under *McCants*.

Defendants also contend that they have expended $142,000.00 defending Plaintiffs' claims in this forum.  Doc. No. 55.   Pursuant to *McCants*, Defendants may be entitled to the portion of their expenses which was devoted to discovering information and researching and presenting legal arguments that will not be useful in the later suits.  781 F.2d at 860.  Defendants have not separated out those expenses, and the Court is not in a position to do so.  Accordingly, I recommend that the motion to dismiss without prejudice the claims of the non-Connecticut Plaintiffs be **GRANTED**, subject to a later motion to assess expenses incurred by Defendants in the present case for discovery, research and presentation of legal arguments on issues not useful in subsequent litigation should any of the non-Connecticut Plaintiffs file a renewed claim for violation of the FLSA against Defendants in any court.

> B.      *Severance and Transfer of Connecticut Plaintiffs.*

Plaintiffs contend that the Connecticut Plaintiffs should be severed and the case transferred to the United States District Court for Connecticut pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a).  Federal Rule of Civil Procedure 21, in relevant part, states: "On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The United States Court of Appeals for the Eleventh Circuit has stated that nine factors should be considered when evaluating a transfer pursuant to 28 U.S.C. § 1404(a): (1) the convenience of the

witnesses; (2) the location of documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Defendants allege that Plaintiffs are engaging in forum shopping and should not be allowed to transfer their case. Defendants also assert that because Plaintiffs did not produce any affidavits or other evidence in support of their motion, the motion should be denied. However, unlike the case of *Surco Products, Inc. v. Theochem Labs, Inc.*, 528 F. Supp. 677, 679 (S.D. Fla. 1981), upon which Defendants rely here, the information which informs the Court's decision is evident from the Plaintiffs' prior pleadings and assertions and the evidence in the record.

     1.  Convenience of the Witnesses.

Plaintiffs assert that the majority of the witnesses are likely to be current and former employees and managers of the Hard Rock Café in Connecticut, and therefore the witnesses are most likely to be located in Connecticut. The Hard Rock Café at issue for the Connecticut Plaintiffs is located in Connecticut and Plaintiff's assertion that employees and managers are likely to be located where they work is not without foundation. Defendants do not argue that Plaintiffs are incorrect. Accordingly, this factor weighs in favor of allowing the action to proceed in Connecticut.

     2.  Location of Documents and Relative Ease of Access to Sources of Proof.

Plaintiffs assert that documents to be produced by Plaintiffs and other former and current employees are likely to be located in Connecticut. Plaintiffs assert that to the extent Defendants have

records at Hard Rock Café's corporate headquarters in Orlando, Florida, they can be easily transmitted electronically.  Defendants assert that many of the documents related to the case have already been compiled and stored at Hard Rock's corporate headquarters in Orlando, Florida.  Corporate policies and manuals are also located in Orlando.  Defendants admit that some documents related to the Connecticut Plaintiffs' claims may be located in Connecticut.

Elsewhere in its response, Defendants faulted Plaintiffs for not reviewing hundreds of documents they had assembled as responsive to Plaintiffs' discovery requests.  Doc. No. 54 at 3. However, Defendants conditioned the document review on the execution of a confidentiality agreement and implied that Plaintiffs were not interested in the documents because they did not sign the agreement or propose their own confidentiality agreement.  *Id.*  The conditioning of discovery review upon the execution of a confidentiality agreement nullifies Defendants' argument that the discovery documents were truly available for Plaintiffs.   I find that this factor is neutral as between the two locations as documents are located in Connecticut and in Orlando.

3.     Convenience of the Parties.

Plaintiffs state that of the 14 Connecticut Plaintiffs, 10 reside in Connecticut, 3 reside in Rhode Island and 1 resides in Florida.  Defendants do not refute the residences of these plaintiffs.  Plaintiffs admit that Defendants' corporate headquarters is located in Florida, but argue that the Hard Rock Café location in question is in Connecticut and that Defendants have argued that they have a decentralized decision making structure.  *See* Doc. No. 18 at 14-15 (Defendants stated, "[T]o the extent any improper tip credit policies are discovered, they must have been carried out in a non-uniform, decentralized fashion at the various cafés.").  Defendants argue that their corporate headquarters is located in Orlando.  They assert that to the extent the Florida forum is inconvenient for any of the

plaintiffs, they chose this forum and opted-in to an action in this forum. However, the majority of the Connecticut Plaintiffs reside in Connecticut. I find that this factor weighs in favor of transferring this case to Connecticut.

4.      Locus of Operative Facts.

Plaintiffs allege that the underlying facts occurred at the Defendants' location in Connecticut. Defendants do not dispute this assertion, but only argue that the case originally included plaintiffs from different areas. This factor clearly weighs in favor of transfer to Connecticut.

5.      Availability of Process.

Plaintiffs contend that to the extent they need to compel unwilling witnesses to testify, those witnesses are likely to be located in Connecticut, and would therefore be subject to a subpoena issued by a Connecticut court but not a Florida court pursuant to Federal Rule of Civil Procedure 45(a)(2). Florida witnesses would likely be Defendants' corporate representatives whom Plaintiffs assert would be required to participate in discovery and testify at trial regardless of whether the case proceeds in Florida or Connecticut. Defendants object to the failure of Plaintiffs to list the names and substance of the testimony of witnesses and states that Plaintiffs are able to depose witnesses who may be unavailable. Defendants are correct that Plaintiffs have failed to identify any witnesses who are unwilling to testify. However, to the extent that any unwilling witnesses would be associated with the locus of the events in Connecticut, they would be subject to subpoena from the Court in Connecticut pursuant to Federal Rule of Civil Procedure 45(b)(2). Accordingly, this factor weighs in favor of transfer to Connecticut.

6.      <u>Relative Means of the Parties.</u>

Plaintiffs argue that there is an extreme difference in the relative means of the parties as Plaintiffs are sub-minimum wage hourly workers and Defendants are large international corporations. Defendants argue that the numerosity of the Plaintiffs should be considered as well as the means of the plaintiffs who will have to travel to Connecticut.

There are only 14 Connecticut Plaintiffs.  When matched against the resources of Defendants, this factor clearly weighs in favor of transfer.  Defendants urge the Court to consider *Pall Corporation v. PTI Technologies, Inc*., 992 F.Supp. 196, 200 (E.D.N.Y. 1998).  In *Pall Corporation*, the United States District Court for the Eastern District of New York found that the party asserting transfer failed to provide financial affidavits by which to judge the relative means of the parties.  However, here, the disparity between 14 individuals working as servers for a large corporation is evident on its face, and financial affidavits from the individuals are unnecessary.

7.      <u>Forum's Familiarity with the Governing Law.</u>

Plaintiffs assert that federal courts in Florida and Connecticut are equally familiar with the FLSA and equally capable of presiding over the case.  Defendants argue that this Court has dealt with this particular case for over a year and has decided several issues and therefore, the case should stay with this Court.  Although this Court has handled the issue of whether to allow this suit to proceed as a collective action, the United States District Court for the District of Connecticut is also versed in the FLSA and equally capable of handling this case.  Thus, this factor weighs in favor of transfer.

8.     Weight Accorded a Plaintiff's Choice of Forum.

Plaintiffs state that Connecticut is now their choice of forum, and that their choice is entitled to weight. Defendants assert that Plaintiffs chose this forum and are now forum-shopping. Defendants cite *Ferens v. John Deere Company*, 494 U.S. 516, 527 (1990), as a case which cautions against forum shopping. In that case, the United States Supreme Court stated that § 1404(a) should be interpreted in "a way that does not create an opportunity for obtaining a more favorable law by selecting a forum through a transfer of venue." However, the Court went on to say that § 1404(a) "exists to make venue convenient and should not allow the defendant to use inconvenience to discourage plaintiffs from exercising the opportunities they already have [to choose the venue]." *Id.* at 528 (parenthetical added). Although Plaintiffs originally chose this forum, they are seeking to sever and transfer the Connecticut Plaintiffs precisely because Defendants have prevailed on their argument that any single forum is inappropriate for the consolidation of the claims of all Plaintiffs. Accordingly, I do not view the Connecticut Plaintiffs' request as forum-shopping as much the natural progression of this case and a consequence of Defendants prevailing on their opposition to Plaintiffs' request to proceed in this venue as a collective action.

9.     Trial Efficiency and the Interests of Justice.

Plaintiffs allege that efficiency is served by the transfer to Connecticut because the majority of witnesses and plaintiffs reside there and because the restaurant where the alleged violations took place is also in Connecticut. Plaintiffs point out that Defendants previously argued before the Court that each café had different managers and practices and were supervised by different persons and entities. Defendants assert that a transfer will waste resources by requiring a duplication of efforts that have been expended in this case already, and raises the possibility of incompatible rulings. Defendants

-9-

are free to present any arguments regarding incompatible rulings to the District Court for Connecticut as they are to this Court.  A transfer merely allows the case to proceed in a different venue, and should not require any duplication of efforts on the part of Defendants.

Therefore, overall, I find that the balance of the nine factors weigh in favor of severing the Connecticut Plaintiffs and transferring their claims to the United States District Court for the District of Connecticut.

## III.    RECOMMENDATION.

For the reasons listed above, I recommend that the motion be **GRANTED** in part and that the Court do the following:

1.      **TRANSFER** the claims of the Connecticut Plaintiffs -- Jason Heath, Brock Arsenault, Jarraid Belanger, Tim Dilallo, Stacy Ferguson, Joseph Harry Barnaby, Sarah Jane Waltman, Gordon Johnson, Jennifer Lussier, Paul Neville, Elizabeth Pignatara, Amber Safari, Jennifer Selvido and Allison Tapia -- to the United States District Court for the District of Connecticut;

2.      **DISMISS without prejudice** the claims of the remaining Plaintiffs (the non-Connecticut Plaintiffs) on the condition that any of non-Connecticut Plaintiffs who file a renewed cause of action against Defendants for violation of the FLSA in any forum shall pay expenses incurred by Defendants in this case for work that will not be useful in the subsequent litigation as a condition for proceeding on the FLSA cause of action; and

3.      Thereafter, **DIRECT** the Clerk of Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 8, 2011.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy