# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

_____

|  |  |
|---|---|
| JASON HEATH, ROBERT G. PIERCE, AURELIA EISENZOPF, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 6:10-cv-344-Orl-JA-KRS |
| HARD ROCK CAFÉ INTERNATIONAL (STP), INC., HARD ROCK CAFE INTERNATIONAL (USA), INC., HARD ROCK CAFE INTERNATIONAL (ORLANDO), INC., HARD ROCK CAFE INTERNATIONAL (HOLLYWOOD), INC., HARD ROCK STADIUM TENANT, INC., ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

_____

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Plaintiff Jason

Heath (the "Named Plaintiff"), and Brock Arsenault, Joseph Harry Barnaby, Jarraid

Belanger, Tim Dilallo, Stacy Ferguson, Gordon Johnson, Jennifer Lussier (formerly

Branchaud), Paul Neville, Elizabeth Pignataro, Amber Safari, Jennifer Selvidio, Allison

Tapia (formerly Moore), and Sarah Jane Waltman, ("Opt-In Plaintiffs"), and all other

servers and bartenders who worked at the Hard Rock Café at the Foxwoods Casino in

Connecticut from May 1, 2008, to June 21, 2009 ("Potential Opt-In Plaintiffs")  who

submit timely claim forms to participate in this settlement relating to the Hard Rock Café

at Foxwoods Casino in Connecticut ("Foxwoods Hard Rock Café") and Defendants,

subject to Court approval.

The Settling Parties do hereby agree to do all things and procedures necessary

and appropriate to obtain approval of this Agreement in consideration for: (a) payment

by Defendants of the consideration expressed herein subject to the terms, conditions

and limitations of this Agreement; (b) the release and dismissal with prejudice of all

claims relating to tip distribution practices at the Foxwoods Hard Rock Café during the

Relevant Period by the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs

who become Qualified Claimants; and (c) other valuable monetary and non-monetary

consideration as set forth herein.

<h3 style="text-align:center">I.      <u>CONSENT TO COURT FACILITATED NOTICE</u></h3>

A.      For settlement purposes only, the Settling Parties agree that the Named

Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs are similarly situated for

purposes of 29 U.S.C. § 216(b) and consent to Court-facilitated notice to the Potential

Opt-In Plaintiffs.

B.      This Agreement is contingent upon approval by the Court and is entered

into voluntarily by the Settling Parties for settlement purposes only.  Defendants do not

waive, and instead expressly reserve, their rights on the appropriateness of Court-

facilitated notice pursuant to 29 U.S.C. § 216(b) should the Court not approve this

Agreement.

C.      The Settling Parties shall cooperate and present to the Court for its

consideration in connection with the approval of the Settlement Agreement and Court-

facilitated notice competent evidence as may be requested by the Court under the

appropriate standards for approving FLSA settlements and/or facilitated notice.

## II.   SETTLEMENT APPROVAL PROCEDURE

Within eleven (11) business days of execution of this Agreement by the Settling

Parties' counsel of record, Counsel for the Plaintiff and Opt-In Plaintiffs shall file an

assented-to motion for approval of this Agreement and the Notice of Settlement and

Claim Form ("Notice of Settlement"), attached hereto as Exhibit A, advising Potential

Opt-In Plaintiffs of material terms and provisions of this Agreement, the procedure for

filing Claim Forms, and their rights with respect thereto.

## III.   MODE, CALCULATION AND TIMING OF PAYMENT OF CLAIMS

### A.   Notice of Claims

Within five (5) business days of the Court's approval of this Settlement

Agreement, Defendants shall provide the Settlement Claims Administrator with an Excel

chart listing the last known address, phone number, and Social Security number of the

Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs.  Plaintiffs' Counsel shall

also provide the Settlement Claims Administrator with any updated addresses for the

Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs.  Prior to the mailing of

the Notice of Settlement to the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In

Plaintiffs, the Settlement Claims Administrator shall attempt to confirm the accuracy of

the names and addresses through the United States Post Office's National Change of

Address database.  Within twenty (20) calendar days of Court approval of this

Agreement, the Settlement Claims Administrator shall mail the Notice of Settlement to

the best address identified using the National Change of Address database for the

Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs.  If any such Notice of

Settlement is returned as undeliverable for a Potential Opt-In Plaintiff, the Settlement

Claims Administrator shall promptly attempt to locate such Potential Opt-In Plaintiff

through an electronic search using the Social Security number and/or former address of

that person and shall promptly mail an additional Notice of Settlement to each such

person.  Upon Plaintiffs' counsel's request, the Claims Administrator shall also mail an

additional Notice of Settlement to addresses obtained by Plaintiffs' Counsel for any

Potential Opt-In Plaintiff.  The Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In

Plaintiffs will be provided with a summary of the basis for settlement in the Notice of

Settlement and told that in order to receive any monetary proceeds of the settlement,

they must mail a Claim Form so that it is received by the Settlement Claims

Administrator on or before sixty (60) calendar days of the date the first Notice of

Settlement was mailed to the Potential Opt-In Plaintiffs' last known address (the "Claim

Bar Date").  The Settlement Claims Administrator shall provide redacted electronic

copies of all Claim Forms to Plaintiffs' Counsel, who shall file the Claim Forms within

fifteen (15) calendar days of the Claims Bar Date.  The Named Plaintiff, Opt-In Plaintiffs,

and Potential Opt-In Plaintiffs who timely return a completed Claim Form will be

considered "Qualified Claimants" entitled to receive their share of the Gross Settlement

Fund as set forth on Exhibits B and C.

**B.**     **Defendants' Payment Obligations**

On or before July 29, 2011, Defendants shall pay a total of Fifty Thousand Dollars ($50,000.00) (the "Gross Settlement Amount") by wire transfer to a Depository Bank chosen by the Settlement Claims Administrator.  Defendants shall also be responsible for the following additional payments, which will be paid separately by Defendants and will not be paid out of the Gross Settlement Amount:  (1) all costs incurred by the Settlement Claims Administrator and all costs in connection with the Settlement Fund including, but not limited to, those related to notice, check cutting and mailing, claims processing, court filings, legal and accounting advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to Plaintiffs and Qualified Claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below); and (2) applicable federal, state and local taxes required to be withheld and/or paid by Defendants.

C.     **Settlement Claims Administration**

On or before ten (10) business days after the execution of this Agreement, the Settling Parties shall jointly agree upon a firm to serve as Settlement Claims Administrator.  In the event the Settling Parties cannot agree upon such a firm, their dispute shall be decided finally by the Mediator serving as an Arbitrator on the issue. The Settlement Claims Administrator shall be responsible for:  (i) calculating the individualized settlement payments and tax withholding amounts for the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs; (ii) preparing, printing and disseminating to the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs the Notice of Settlement; (iii) copying counsel for all Parties on material correspondence and promptly

notifying all counsel for the Parties of any material requests or communications made by any Party; (iv) preparing, monitoring and maintaining a toll-free number with phone answerers until 130 calendar days after the mailing of checks to Qualified Claimants; (v) receiving and reviewing the Claim Forms submitted by Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs to determine eligibility for payment; (vi) determining the Settlement Payment for each Qualified Claimant in accordance with this Settlement Agreement; (vii) mailing the settlement checks to Qualified Claimants; (viii) wiring Plaintiffs' Counsel's attorneys' fees, expenses, and costs and mailing Incentive Payments and Settlement Payments in accordance with this Settlement Agreement and Order of the Court; (ix) paying all payroll tax obligations of Defendants in accordance with this Settlement Agreement; (x) issuing W-2 and 1099 Forms for all amounts paid to the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs; (xi) ascertaining current address and addressee information for each Notice of Settlement returned as undeliverable; (xii) responding to inquiries of the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs regarding the terms of settlement and procedures for filing Claim Forms; (xiii) referring to Plaintiffs' Counsel all inquiries by the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs regarding matters not within the Settlement Claim Administrator's duties specified herein; (xiv) responding to inquiries of Plaintiffs' or Defendants' Counsel; (xv) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xvi) maintaining adequate records of its activities, including the dates of the mailing of the Notice of Settlement and mailing and receipt of Claim Forms, returned mail and other communications and attempted

written or electronic communications with the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs; (xvii) confirming in writing to Plaintiffs' and Defendants' Counsel and the Court its completion of the administration of the settlement; (xviii) timely responding to communications from the Parties or their counsel; and (xix) such other tasks as the Parties mutually agree.

In addition, no later than ten (10) calendar days after the Claims Bar Date, the Settlement Claims Administrator shall provide Plaintiffs' and Defendants' Counsel with a list of Qualified Claimants who timely filed a Claim Form.  Throughout the period of claims administration, the Settlement Claims Administrator will provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notice of Settlement to Class Members, the claims administration process, the receipt of Claim Forms, and distribution of the Settlement Checks or any other aspect of the claims administration process.

Upon conclusion of the administration process, the Settlement Claims Administrator shall maintain an electronic copy of all Claim Forms received by the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs and shall provide the original Claim Forms to Counsel for Defendants.

D.   **Creation and Implementation of a Qualified Settlement Fund**

The Gross Settlement Amount will be deposited in an account titled Foxwoods Hard Rock Café Settlement Fund (the "Settlement Fund"), intended by the parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, et seq.  Upon transfer

of the Gross Settlement Amount, Defendants shall relinquish any rights it might have had to the Settlement Fund, except as provided elsewhere in this Agreement.  The Gross Settlement Amount is inclusive of payment for: (1) all Qualified Claimants; (2) any incentive payment approved by the Court for the Named Plaintiff; and (3) all attorneys' fees, costs, and litigation expenses approved by the Court, including those in connection with securing Court approval of this Settlement Agreement, the claims process and implementing this Settlement Agreement, other than fees and costs awarded in connection with any successful proceeding to enforce the terms of this Settlement Agreement.  Not included in the Gross Settlement Fund are the following payments for which Defendants shall be responsible:  (1) all costs incurred by the Settlement Claims Administrator and all costs in connection with the Settlement Fund including, but not limited to, those related to notice, check cutting and mailing, claims processing, court filings, legal and accounting advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to Plaintiffs and Qualified Claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below); and (2) applicable federal, state and local taxes required to be withheld and/or paid by Defendants.

The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund.  The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a "Qualified Settlement Fund"

under Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and to maintain that qualification.

The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court.  The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.  The Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

The Parties recognize that the back pay awards to Qualified Claimants will be subject to applicable tax withholding and reporting, which will be handled as follows: the Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax-related issues and payments. Specifically, the Settlement Claims Administrator shall be responsible for withholding, remitting, and reporting the share of payroll taxes from the back wage/payment of each Qualified Claimant, and shall be responsible for billing Defendants for and paying the employer's share of payroll taxes or contributions (i.e. FICA, FUTA, SUTA, and Medicare).  Subject to the Settlement Claims Administrator's obligation to comply with applicable laws, the Parties anticipate that any amounts designated as Incentive

Payments, non-wage compensation, or interest shall not be subject to withholding and shall be reported to the IRS on Form 1099.

The Settlement Claims Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, penalties and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

### E.   Allocation of the Gross Settlement Fund

The amounts approved by the Court for Incentive Payments and the amount approved by the Court for attorneys' fees, expenses, and costs shall be deducted from the Gross Settlement Amount to obtain a Revised Gross Settlement Amount.

The Revised Gross Settlement Fund shall be allocated to the Named Plaintiff and Opt-In Plaintiffs as set forth on Exhibit B and to Potential Opt-In Plaintiffs as set forth on Exhibit C in proportion to their share of the total amounts set forth on Exhibits B and C. The proportional share of the Revised Gross Settlement Fund of the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs shall be referred to as the Potential Gross Settlement Payment.  The sum of the Potential Gross Settlement Payments for the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs shall equal the Revised Gross Settlement Amount.

The Potential Gross Settlement Payments attributed to the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs who timely file Claim Forms, and become

Qualified Claimants shall be allocated 50 percent to back wages and 50 percent to non-wage compensation.

The back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.).  The non-wage compensation shall be treated as non-wage income to the Qualified Claimant.  The Settlement Claims Administrator shall report the back wage payments to the Qualified Claimants on an IRS Form W-2, and shall report the non-wage compensation payments on an IRS Form 1099.

The back wage and non-wage compensation payments, along with any incentive payments approved by the Court, shall be paid in accordance with this Agreement to Qualified Claimants within thirty (30) calendar days of the Claim Bar Date.

Plaintiffs' Counsel shall make an application to the Court for an award of one third (1/3) of the Gross Settlement Amount ($16,667) as payment of attorneys' fees, costs, and litigation expenses.  Defendants will not oppose Plaintiffs' Counsel's attorneys' fees, costs, and litigation expenses for the representation of the Named Plaintiff, Opt-In Plaintiffs and Potential Opt-In Plaintiffs.  This settlement does not cover attorneys' fees, costs and litigation expenses for individuals who are not eligible to become Qualified Claimants in this case.  The settlement is not conditioned upon the Court's approval of Plaintiffs' Counsel's petition for fees, costs, and litigation expenses.

Payment of amounts approved by the Court for Plaintiffs' attorneys' fees, costs, and litigation expenses shall be paid from the Gross Settlement Fund within ten (10) calendar days of the date of the Court's order approving the Agreement and the amount of attorneys' fees, costs, and expenses becomes a final non-appealable order. Payment of such attorneys' fees, expenses, and costs to Plaintiffs' Counsel shall constitute full satisfaction of any and all obligations by Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of Qualified Claimants relating to the claims in this case.  The Settlement Claims Administrator shall report the payment of these fees, expenses and costs to Plaintiffs' Counsel on an IRS Form 1099.

From the Gross Settlement Amount, Plaintiffs' Counsel shall seek an Incentive Payment of $1,000 for the Named Plaintiff as payment for his significant involvement in commencing this litigation and his involvement in preparing for mediation for the benefit of the Potential Opt-In Plaintiffs, all as set forth in Exhibit A.

Qualified Claimants will have 120 calendar days after settlement checks are mailed out (the "Check Issuance Date") in which to negotiate the checks. If any Qualified Claimant does not negotiate his or her settlement check within 120 days after the Check Issuance Date, this check will be voided.  Any funds remaining in the Settlement Fund after payment to:  (1) all Qualified Claimants who timely cash their settlement checks (including any approved Incentive Payment to the Named Plaintiff; and (2) all attorneys' fees, costs, and litigation expenses approved by the Court, shall revert to Defendants.

## IV.   RELEASE BY QUALIFIED CLAIMANTS AND HARD ROCK CAFE

Conditioned upon the receipt of an order of final approval by the Court and in exchange for the monetary considerations recited in this Agreement, the Named Plaintiff and Opt-In Plaintiffs do hereby agree to dismiss the captioned case with prejudice and all  Qualified Claimants do thereby and forever release, acquit, and discharge all claims relating to tip distribution practices and any and all other wage and hour claims at the Foxwoods Hard Rock Café, up to the date of the execution of this Agreementthat were or could have been asserted in this matter against Defendants and their subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees and assigns, including without limitation, all state and federal claims for wages, penalties, interest, and non-wage compensation, common law claims, and all claims for attorneys' fees, costs, and expenses.

Also conditioned on the receipt of an order of final approval by the Court and in exchange for the release and dismissal of claims recited in this Agreement, Defendants and their subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees and assigns, do hereby and forever release, acquit, and discharge all claims against any of the Named Plaintiff, Opt-In Plaintiffs, and Potential Opt-In Plaintiffs from all claims arising out of this litigation.

## V.   PUBLICATION OF SETTLEMENT

This Agreement is not confidential; however, Counsel for the Named Plaintiff and the Named Plaintiff  agree to make no statement to the media relative to this settlement and agree to make no press or media release.

## VI.   REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## VII.   NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions that are the subject matter of this Agreement is disputed by Defendants.  This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement.  The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

## VIII.   MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## IX.    <u>CONSTRUCTION AND INTERPRETATION</u>

This Agreement constitutes the entire agreement between the Settling Parties.

Except as expressly provided herein, this Agreement has not been executed in reliance

upon any other oral or written representations or terms, and no such extrinsic oral or

written representations or terms shall modify, vary or contradict its terms.  In entering

into this Agreement, the Settling Parties agree that this Agreement is to be construed

according to its terms and may not be varied or contradicted by extrinsic evidence.  This

Agreement shall be subject to, governed by, construed, enforced and administered in

accordance with the laws of the State of Florida, both in its procedural and substantive

aspects, and without regard for the principle of conflict of laws, and shall be subject to

the continuing jurisdiction of the United States District Court for the Middle District of

Florida.  This Agreement shall be construed as a whole according to its fair meaning

and intent, and not strictly for or against any party, regardless of who drafted or who

was principally responsible for drafting this Agreement and/or the written memorandum

of understanding, or any specific term or condition thereof.  The Named Plaintiff, Opt-In

Plaintiffs and Defendants participated in the negotiation and drafting of this Agreement

and had available to them the advice and assistance of independent counsel.  As such,

neither the Named Plaintiff, Opt-In Plaintiffs, nor Defendants may claim that any

ambiguity in this Agreement should be construed against the other.

## X.    <u>COUNTERPARTS</u>

This Agreement, any amendments or modifications to it, and any other

documents required or contemplated to be executed in order to consummate this

Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement.  All counterparts of any such document together shall constitute one and the same instrument.  A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

## XI.     BINDING EFFECT

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees and assigns.  Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of all Qualified Claimants.

## XII.     AUTHORITY OF COUNSEL

Counsel for the Named Plaintiff and Opt-In Plaintiffs, identified on Exhibit A, warrant and represent that they are expressly authorized by the Named Plaintiff and Opt-In Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.  Counsel for Defendants warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Defendants pursuant to this Agreement in order to effectuate its terms.

## XIII.    CONTINUING JURISDICTION

The Parties hereto agree to move for the United States District Court for the Middle District of Florida to retain continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement; to supervise the administration and

distribution of the resulting settlement funds; and to hear and adjudicate any dispute or litigation arising from or related to this Agreement.

### XIV.   <u>EFFECT OF NON-APPROVAL</u>

In the event that Agreement is not approved by the Court for any reason, this Agreement shall be terminated on the date the Court's order becomes final and non-appealable, and in addition: (1) the stipulation that the Opt-In Plaintiffs and Potential Opt-In Plaintiffs are similarly situated to the Named Plaintiff under 29 U.S.C. Section 216(b), and the releases contained herein shall  be null and void; (2) within eleven (11) business days, any funds paid by Defendants into the Settlement Fund shall be returned to Defendants after the expenses of the Settlement Claims Administrator and the Settlement Fund have been paid; (3) nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and (4) the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation.

AGREED to this 30th day of June, 2011:

_____

Hillary Schwab, Esq.
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: hschwab@llrlaw.com


**Attorneys for Named Plaintiff and Opt-In Plaintiffs**


_____

Kevin W. Shaughnessy, Esq.
Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
(407) 649-4000
Email:  kshaughnessy@bakerlaw.com

**Attorneys for Defendants**

AGREED to this _____ day of September, 2011:


_____
Hillary Schwab, Esq.
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: hschwab@llrlaw.com

**Attorneys for Named Plaintiff
and Opt-In Plaintiffs**

_____
Kevin W. Shaughnessy, Esq.
Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
(407) 649-4000
Email: kshaughnessy@bakerlaw.com

**Attorneys for Defendants**


_____
JASON HEATH

Dated: _____

_____
JENNIFER LUSSIER

Dated: _____


_____
TIM DILALLO

Dated: _____

_____
AMBER SAFARI

Dated: _____


_____
STACY FERGUSON

Dated: _____

_____
JARRAID BELANGER

Dated: 9-15-11


18

AGREED to this _16_ day of September, 2011:


| | |
|---|---|
| Hillary Schwab, Esq. | Kevin W. Shaughnessy, Esq. |
| Lichten & Liss-Riordan, P.C. | Baker & Hostetler LLP |
| 100 Cambridge Street, 20th Floor | SunTrust Center, Suite 2300 |
| Boston, MA 02114 | 200 South Orange Avenue |
| (617) 994-5800 | Orlando, Florida 32801-3432 |
| Email: hschwab@llrlaw.com | (407) 649-4000 |
| | Email: kshaughnessy@bakerlaw.com |

**Attorneys for Named Plaintiff**          **Attorneys for Defendants**
**and Opt-In Plaintiffs**


JASON HEATH                                JENNIFER LUSSIER

Dated: _____                     Dated: _____


TIM DILALLO                                AMBER SAFARI

Dated: _9/16/2011_                         Dated: _____


STACY FERGUSON                             JARRAID BELANGER

Dated: _____                     Dated: _____

AGREED to this 21 day of September, 2011:

| | |
|---|---|
| _____ | _____ |
| Hillary Schwab, Esq. | Kevin W. Shaughnessy, Esq. |
| Lichten & Liss-Riordan, P.C. | Baker & Hostetler LLP |
| 100 Cambridge Street, 20th Floor | SunTrust Center, Suite 2300 |
| Boston, MA 02114 | 200 South Orange Avenue |
| (617) 994-5800 | Orlando, Florida 32801-3432 |
| Email: hschwab@llrlaw.com | (407) 649-4000 |
| | Email: kshaughnessy@bakerlaw.com |

**Attorneys for Named Plaintiff and Opt-In Plaintiffs**

**Attorneys for Defendants**

_____
JASON HEATH

_____
JENNIFER LUSSIER

Dated: _____

Dated: 9/21/2011

_____
TIM DILALLO

_____
AMBER SAFARI

Dated: _____

Dated: _____

_____
STACY FERGUSON

_____
JARRAID BELANGER

Dated: _____

Dated: _____

18

AGREED to this 21st day of September, 2011:

_____
Hillary Schwab, Esq.
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: hschwab@llrlaw.com

**Attorneys for Named Plaintiff
and Opt-In Plaintiffs**

_____
Kevin W. Shaughnessy, Esq.
Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
(407) 649-4000
Email: kshaughnessy@bakerlaw.com

**Attorneys for Defendants**

_____
JASON HEATH

Dated: _____

_____
JENNIFER LUSSIER

Dated: _____

_____
TIM DILALLO

Dated: _____

_____
AMBER SAFARI

Dated: _____

_____
STACY FERGUSON

Dated: 9/21/11

_____
JARRAID BELANGER

Dated: _____

18

AGREED to this _22_ day of September, 2011:

_____
Hillary Schwab, Esq.
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
Email: hschwab@llrlaw.com

**Attorneys for Named Plaintiff
and Opt-In Plaintiffs**

_____
JASON HEATH

Dated: _9-22-2011_____


_____
TIM DILALLO

Dated: _____


_____
STACY FERGUSON

Dated: _____

_____
Kevin W. Shaughnessy, Esq.
Baker & Hostetler LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
(407) 649-4000
Email:  kshaughnessy@bakerlaw.com

**Attorneys for Defendants**

_____
JENNIFER LUSSIER

Dated: _____


_____
AMBER SAFARI

Dated: _____


_____
JARRAID BELANGER

Dated: _____

_____          _____
ELIZABETH PIGNATARA                       JOSEPH HARRY BARNABY

Dated: _____           Dated: ___9 - 15 - 11___


_____          _____
JENNIFER SELVIDO                          BROCK ARSENAULT

Dated: _____           Dated: ___9/15/11_____


_____          _____
PAUL NEVILLE                              SARAH JANE WALTMAN

Dated: _____           Dated: _____


_____
GORDON JOHNSON

Dated: _____


_____
ALLISON TAPIA

Dated: _____

ELIZABETH PIGNATARA
_____

JOSEPH HARRY BARNABY
_____

Dated: _____

Dated: _____


*Jennifer J. Selvido*
_____
JENNIFER SELVIDO

BROCK ARSENAULT
_____

Dated: ___9/15/11_____

Dated: _____


PAUL NEVILLE
_____

SARAH JANE WALTMAN
_____

Dated: _____

Dated: _____


GORDON JOHNSON
_____

Dated: _____


ALLISON TAPIA
_____

Dated: _____

ELIZABETH PIGNATARA

Dated: _____

JOSEPH HARRY BARNABY

Dated: _____

JENNIFER SELVIDO

Dated: _____

BROCK ARSENAULT

Dated: _____

PAUL NEVILLE

Dated: _____

SARAH JANE WALTMAN

Dated: _____

GORDON JOHNSON

Dated: 9/16/2011

ALLISON TAPIA

Dated: _____

19

ELIZABETH PIGNATARA

Dated: _____

JOSEPH HARRY BARNABY

Dated: _____


JENNIFER SELVIDO

Dated: _____

BROCK ARSENAULT

Dated: _____


*Paul R. Neville*

PAUL NEVILLE

Dated: ___9-16-11_____

SARAH JANE WALTMAN

Dated: _____


GORDON JOHNSON

Dated: _____


ALLISON TAPIA

Dated: _____

19

*Elizabeth Pignataro - Rekowski*

ELIZABETH PIGNATARA

Dated: _9-17-11_

JOSEPH HARRY BARNABY

Dated: _____


JENNIFER SELVIDO

Dated: _____

BROCK ARSENAULT

Dated: _____


PAUL NEVILLE

Dated: _____

SARAH JANE WALTMAN

Dated: _____


GORDON JOHNSON

Dated: _____


ALLISON TAPIA

Dated: _____

19

ELIZABETH PIGNATARA

Dated: _____

JOSEPH HARRY BARNABY

Dated: _____

JENNIFER SELVIDO

Dated: _____

BROCK ARSENAULT

Dated: _____

PAUL NEVILLE

Dated: _____

SARAH JANE WALTMAN

Dated: _____

GORDON JOHNSON

Dated: _____

ALLISON TAPIA

Dated: 9/20/11

19